## JOSEPH ELLIOTT *v.* STEAMBOAT JAMES ROBB, CAPTAIN and OWNERS.

Where the plaintiff sued to recover the value of horses shipped on defendants' boat, and alleged to have died of a disease contracted in consequence of the negligence and want of skill of those in charge of the boat in removing the horses from one part of the boat to another, under the general denial it is competent for the defendants to give in evidence all circumstances going to relieve the act of removal, of the character of a tortious violation of the contract between the parties, by assigning a reasonable necessity for such removal.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J. *J. W. Price,* for plaintiff and appellant. *W. S. Upton,* for defendant.

BUCHANAN, J. Thirty-five horses belonging to plaintiff were brought down the river from St. Louis to New Orleans, on board the "James Robb" steamboat, on freight, in the latter part of September, 1854. They were all delivered at the stock landing, and freight was paid upon them. Plaintiff himself accompanied his horses down, and had charge of them during the passage. He now claims of the captain and owners of the boat the value of two horses which died after their arrival in the city, on the ground that their death was caused by the fault of the defendants.

It appears that the captain allotted, by special agreement with plaintiff, the whole of the after guards to the plaintiff's horses; but, that, one night the mate took the horses which were upon the larboard guard into the deck-room, for the purpose of trimming boat, as the wind was high and the boat listed considerably to larboard. The next morning the horses were moved back to the guards. There was a considerable difference of temperature between the deck-room and the guards, and the transition from cold to heat and from heat to cold is alleged to have given the horses a fever of the lungs, from which they died.

The necessity of the temporary removal of the horses from the guards for the purpose of trimming boat is shown by several witnesses whose depositions,

<div align="right">ELLIOTT
*v.*
SB'T. JAS. ROBB.</div>

although excluded by the District Judge, have come up in the transcript with a bill of exceptions to their exclusion, taken by defendants. We think the evidence should not have been excluded. Under the general denial it was competent for defendants to give in evidence all the circumstances which would go to relieve the removal of plaintiff's horses of the character of a tortious violation of the contract between the parties, by assigning a reasonable necessity for such removal.

Apart from this evidence, tending to justify the temporary removal of plaintiff's horses from the guards to the centre of the boat, we are by no means satisfied of the plaintiff's right to recover. The plaintiff, who is himself a horse doctor, is proved to have physicked and bled his horses before the removal in question. It is proven that the change of climate from the upper Mississippi and Ohio to New Orleans is very apt to produce fevers in horses, and to cause their death.

Some of the witnesses prove that all of plaintiff's horses were landed in good order, and when the freight bill was presented to plaintiff he made no objection on the score of injury to the horses by reason of the acts of the officers of the boat. The freight bill was paid by an agent of the plaintiff, out of his presence ; but no effort has been made to show that this payment was without his knowledge and authority. Lastly, the proof of the cause of the death of plaintiff's horses is vague and unsatisfactory—resting too much upon opinion and conjecture to render it a safe guide for a judgment in plaintiff's favor.

It is, therefore, adjudged and decreed that the judgment of the District Court be reversed, and that there be judgment for defendants, as in case of non-suit, with costs in both courts.