PER CURIAM. The prescription denounced and regulated by Rev. Civ. Code, arts. 3536, 3537, and Act No. 33, p. 41, of 1902, cannot be invoked for the protection of a tutor who denudes the land of his ward of its timber.

Rehearing refused.

---

#### (36 South. 547.)

#### No. 15,008.

### YOUNG, Sheriff, v. PARISH OF EAST BATON ROUGE.* /

#### (March 28, 1904.)

TAX COLLECTORS—OVERPAYMENT ON TAXES—RECOVERY FROM PARISH—EVIDENCE.

1. Tax collectors cannot lawfully pay or purchase claims against the parish. Police Jury v. Tax Collector, 31 La. Ann. 740.

2. But where they have been authorized by the police jury to pay or take up certificates and orders issued for legal and valid parish indebtedness, and have done so, they are entitled in equity to restitution.

3. In order, however, to establish such a demand, the receipt of the treasurer per se is not sufficient evidence of the identity and validity of the evidences of debt referred to therein as orders and certificates, where it is shown that they have not been audited by the proper officer and warrants issued for their payment.

4. Where there is no evidence aliunde of the validity of the claims, the cause will be remanded for further proceedings, especially when there is a dispute as to the genuineness of the treasurer's receipt.

(Syllabus by the Court.)

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Action by J. T. Young, sheriff and tax collector, against the parish of East Baton Rouge. Judgment for plaintiff, and defendant appeals. Reversed.

---

*Rehearing denied May 9, 1904.

George K. Favrot, Dist. Atty. (Milton Joseph Cunningham, of counsel), for appellant. Clegg & Quintero, T. Jones Cross, and Charles C. Bird, for appellee.

LAND, J. Plaintiff sued defendant for $4,826.38, overpayment on taxes for the years 1898, 1899, 1900, and 1901.

The petition alleged that the overpayments for the three last years named resulted from the unequal division of taxes and licenses collected for joint account of the parish and city of Baton Rouge, under provision of article 282 of the Constitution of 1898, petitioner having paid to the parish more than one-half of the proceeds of said taxes and licenses, and having been compelled to account for the excess to said city.

Petitioner alleged that the overpayment for 1898 resulted from an error on the part of the parish in not crediting him with the sum of $1,268.40 in the settlement of the taxes of that year.

The answer to plaintiff's demand was a general and special denial, coupled with an exception of no cause of action, and defendant reconvened, claiming a balance of $637.20 on the roll of 1900, and a balance of $7,420.63 on the roll of 1901, also forfeited commissions, interest, and penalties, making a total of $10,857.88, with interest to be added.

Plaintiff pleaded the prescription of six months and one and two years, and that defendant, by paying commissions and accepting the settlement as made, is estopped to claim forfeitures and penalties.

After a long and hotly contested trial, dragging along for several months, there was judgment for plaintiff as prayed for, and defendant has appealed.

Defendant made no claim for any balance due by the tax collector for the years 1898 and 1899.

It is shown by the parish treasurer's receipt, and is by him admitted under oath, that in 1898 he received from the tax collector $1,000 in cash, which was used for the benefit

of the parish, and $268.40 in parish certificates. These amounts were not credited to the tax collector.

The balance claimed by plaintiff for 1899 is shown by the process of charging him with the tax rolls and crediting him with payments, delinquent list, and amount due the city of Baton Rouge.

The real dispute in this case is over two settlement receipts produced by the plaintiff, and bearing the signature of the parish treasurer, one for $3,755.15, of date January 12, 1901, and the other for $7,313.76, of date December 20, 1901.

The treasurer admits that both receipts bear his genuine signature, but denies that the certificates, cash orders, and cash mentioned therein were delivered to him. His testimony is to the effect that old receipts were altered and used in the manufacture of the two disputed receipts.

The plaintiff testified that the receipts were genuine, and represented certificates, orders, and cash actually delivered to the treasurer at the time.

Duplicates of the two settlement sheets made out by the tax collector were found among some loose papers in the safe of the treasurer.

In the usual course of business these duplicates, with the accompanying certificates and orders, should have been turned over to the parish auditor for examination and approved.

This was not done, and the parish records furnish no evidence of the alleged settlements. No trace has been discovered of the large amount of certificates and orders mentioned in the two disputed receipts.

In the case of Police Jury v. Tax Collector, 31 La. Ann. 740, it was held that a tax collector could not pay or purchase claims against the parish. This vicious practice, however, seems to have been permitted in the instant case by the then police jury of the parish of East Baton Rouge. But even under such a rule the tax collector should

show with reasonable certainty that the certificates and orders which he claims that he delivered to the treasurer were valid obligations of the parish. It seems that it was the province of the parish auditor to pass on all orders and certificates received by the treasurer from the tax collector, and to reject all such as had not been approved by the police jury or other proper authority and entered on the auditor's ledger.

The auditor's duty was to take the papers presented by the treasurer and compare them with the accounts on his ledger, and to see that every piece of paper was a legal charge against the parish. If he found it so, he issued his warrant against the proper fund. If the claim did not appear on his ledger, he returned it to the treasurer for reference to the police jury. Tr. vol. 2, 170, 171.

Under this system, the tax collector delivered orders and certificates to the treasurer, subject to the approval of the auditor. Hence the receipt of papers of that nature by the treasurer is not evidence that they represented valid obligations of the parish. The duty of the treasurer was to keep and pay out the funds of the parish on warrants issued by the auditor. The treasurer had no authority to allow or approve claims. His receipt of claims delivered to him by the sheriff was subject to examination and approval by the auditing department, and cannot be construed as an acknowledgment of their validity by a duly authorized representative of the parish. The genuineness of the disputed receipts is an important factor, but the decision of the case hinges on the question of payment by the tax collector of legal obligations of the parish. The record is singularly barren of evidence on this subject. Plaintiff rests his case on the purported treasurer's receipts, and his testimony that the papers and money mentioned therein were delivered to the treasurer, who, on his part, denies not only the genuineness of the recitals of the receipts, but the delivery of the orders, certificates, and cash.

The testimony of the plaintiff is to the effect that the treasurer put his "O. K." on claims and the tax collector paid them out of any money on hand, and in doing so "was acting really as the secretary of the treasurer" (Tr. vol. 2, p. 218); that if claims were not indorsed by treasurer they would be turned back by the auditor (Id. 219).

As to the two small items of cash, the receipts, if genuine, would be proper vouchers. As to the orders and certificates, their receipt by the treasurer would constitute only a beginning of proof. That official had no power to approve claims against the parish, or to receive them in payment, except on the warrant of the auditor.

Hence the mere delivery to the treasurer of evidence of debt against the parish does not establish either their validity or their receipt as payment. Any other rule would leave the parish at the mercy of the tax collector and treasurer.

If the tax collector has paid, at the instance and request of the police jury, valid obligations of the parish, he is, in equity, entitled to restitution.

We think, in justice to all parties, this case should be remanded for further evidence.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that this case be remanded for further evidence and proceedings according to law; the plaintiff and appellee to pay costs of appeal.