## TRIMMEL & BURNETT *v.* MARVEL & IRWIN.

Where a person who was a witness on a former trial, was present at the second trial, it is not competent to show, by a bill of exceptions taken at the previous trial, that he had then refused to answer certain questions, without, at least, first propounding the questions to him.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J. *Ogden & Leovy*, for plaintiffs and appellants.   *Dugué* and *Roselius* for warrantors.

MERRICK. C. J.   The District Court erred in excluding the testimony of *Robt. Mott.*   Being the surety of *Creseps* on his administration bond, did not render him incompetent.   If he was interested at all, it was against the party calling him.   This testimony is in the record, and the cause will not require to be remanded on that account.

There was no error in refusing to receive the bill of exception taken in a former trial, which was offered for the purpose of proving that *Purvis* had declined to answer certain questions propounded to him, and to deduce unfavorable inferences therefrom.   *Purvis* was in court and ready to testify.   The plaintiff could not offer the bill of exceptions in evidence without at least first propounding his interrogatories to *Purvis* who was present and offered to testify.

From a careful examination of the testimony, we are not prepared to say that the decision of the lower court was erroneous, nor that the testimony of *Mott* in addition to the evidence adduced, would justify us in adopting a conclusion different from that which prevailed.

Judgment affirmed.

· Rehearing refused.