209 So.2d 4

**BULK TRANSPORT, INC., et al.**

v.

**LOUISIANA PUBLIC SERVICE COMMISSION.**

No. 48916.

March 25, 1968.

Rehearing Denied April 29, 1968.

Theo F. Cangelosi, John Schwab, Robert L. Cangelosi, Kantrow, Spaht, Weaver & Walter, Baton Rouge, for plaintiffs-appellants.

Joseph H. Kavanaugh, Baton Rouge, for defendant-appellee.

Salvador Anzelmo, New Orleans, for intervenor.

SUMMERS, Justice.

Appellants Bulk Transport, Inc., Bulk Products Transportation, Inc., J. & E. Company, Inc., Hearin-Miller Transporters, Inc., and Robertson Tank Lines, Inc., are carriers operating pursuant to permits and certificates issued by the Louisiana Public Service Commission. They are appealing

from a judgment of the Nineteenth Judicial District Court, East Baton Rouge Parish, which upheld upon review an order of the Public Service Commission authorizing competitive motor carrier service by Asphalt Transport, Inc. Bulk Transport, Inc., and J. & E. Company, Inc., are motor contract carriers; whereas, Hearin-Miller Transporters, Inc. Bulk Products Transportation Company, and Robertson Tank Lines, Inc., are all motor common carriers operating pursuant to certificates of public convenience and necessity issued by the Public Service Commission. All are actively engaged in the transportation of dry commodities in bulk.

This litigation had its inception when Asphalt Transport, Inc., a common carrier by motor vehicle, engaged in the transportation of various commodities and materials within the State of Louisiana, filed an application with the Commission for a certificate of public convenience and necessity to transport dry commodities in bulk, in tank or hopper-type vehicles, over irregular routes, statewide. Hearings on the application of Asphalt Transport, Inc., were held by the Commission on February 24 and May 14, 1965, at which all appellants herein appeared and protested granting of the application. Notwithstanding this opposition, the Commission by its Order Number 9409, dated July 9, 1965, granted Asphalt Transport, Inc., a certificate of public convenience and necessity to transport in bulk, in

tank or hopper-type vehicles, over irregular routes from, to and between all points in the State of Louisiana, the following dry commodities:

Soda ash, nitrate of soda, caustic soda, polyethylene, urea, salt, ammonium nitrate, aluminum chloride, ethyl chloride, metallic sodium, carbon gum or sludge-removing compounds, anti-oxydents, ethylene dichloride, hydropolymer oil, methyl chloride, vinyl chloride, vinylidine chloride, aluminum alkyls, plastic resin in pellet form, chlorinated solvents, ammonium sulphate, lime, oilfield mud and fertilizers.

After the certificate had been issued, appellants sought judicial relief and reversal of the Commission order in the Nineteenth Judicial District Court. Therein they contended that the order was arbitrary, capricious, unreasonable, and unsupported by substantial evidence; that the Commission made no finding of fact, but merely stated legal conclusions; and that the applicant for the certificate, Asphalt Transport, Inc., completely failed to carry the burden of proving that the public convenience and necessity required, and would be materially promoted by, the issuance of the certificate. It was error, also, according to the appellants, for the Commission to grant the authority to Asphalt Transport, Inc. to transport each, every, and any commodity merely mentioned by name by any witness supporting the application of Asphalt Transport,

Inc., for such evidence falls far short of the requirements which must be met to support the issuance of a certificate.

It was contended, moreover, that appellants affirmatively established their willingness, ability, adequacy of equipment, finances and desire to handle the entire present and future shipping needs of the parties who Asphalt Transport, Inc., would serve, particularly within the limits of their present certificates of convenience and necessity, authorizing the hauling of oilfield drilling mud, chemicals, lime, fertilizers, and soda ash.

The Nineteenth Judicial District Court, as judicial reviewing authority, affirmed the order of the Commission and this appeal followed.

The record contains the application of Asphalt Transport, Inc.; and we are informed in briefs that applications were made by appellants, Robertson Tank Lines, Inc., Hearin-Miller Transporters, Inc., and Bulk Products Transportation, Inc., all seeking authority, identical in nature, to transport all dry bulk commodities, statewide, in tank or hopper-type vehicles, over irregular routes, from, to and between all points in the State of Louisiana. All applications were filed at, or about, the same time. When these applications were called for hearing before the Commission, Asphalt Transport, Inc., moved for their consolidation. The motion, we are informed by the

brief of Asphalt Transport, Inc., was denied by the Commission. In denying the motion to consolidate, however, the Commission stated it would issue no certificates until hearings had been held on all of these applications.

Hearings were held first on the Hearin-Miller Transporters, Inc., and Robertson Tank Lines, Inc., applications; and, thereafter, on April 21, 1965, the Commission issued orders granting certificates to Hearin-Miller Transporters, Inc., and Robertson Tank Lines, Inc. As we have already noted, the hearing on the Asphalt Transport, Inc., application was held (after the Hearin-Miller Transporters, Inc., and Robertson Tank Lines, Inc., hearings) at regular session on February 24 and continued until May 14, 1965, when the hearing was completed and the matter was taken under advisement. The order granting the certificate to Asphalt Transport, Inc., was then issued on July 9, 1965.

At the Commission hearings on its application, Asphalt Transport, Inc., presented the testimony of six witnesses—probable users of its services—together with the testimony of its general manager. These witnesses testified to the need for intrastate bulk transport facilities for eight of the twenty-four commodities included in the Commission's authorization. These were soda ash, urea, salt, ammonium nitrate, ammonium sulphate, lime, oilfield mud (barite) and chemicals for fertilizers. Other

products mentioned included blasting sand, fly ash and noibm (Fuller's earth). The testimony indicates the witnesses were unaware, in some instances, of the transport authority and facilities of appellants; and, when cross-examined on the subject, they readily conceded that, if these facilities existed and were made available, they would use them.

Some of the testimony is to the effect that certain of the products mentioned, such as barite used in oil well drilling and fertilizers used seasonally in agriculture, make heavy demands upon transport facilities during short periods. The inference is that additional pneumatic type, dry bulk carriers, conveniently located, would enable distributors of these products to provide better service to their consumers.

All of the evidence concerned possible needs in the southern part of the State. There was no evidence concerning the need elsewhere. And no testimony or evidence of any kind was offered to show a public need for additional facilities to transport the sixteen other commodities included in the authorization issued to Asphalt Transport, Inc., by the Commission's Order Number 9409.

After its witnesses had testified, Asphalt Transport, Inc., sought to offer as evidence the entire records of the prior proceedings relating to the applications of Hearin-Miller Transporters, Inc., and Robertson Tank

Lines, Inc. It was represented that the purpose of the offerings was to "show further convenience and necessity of the products granted therein." Hearin-Miller Transporters, Inc., and the other protestants at the hearing objected strenuously to the introduction in evidence of the former proceedings. The Commission reserved its ruling. We find nothing in the record which would show that counsel for Asphalt Transport, Inc., made a proffer of the records he sought to introduce, as he had a right to do. La Code Civ.P. art. 1636. Seemingly, counsel was content to let the matter rest upon the Commission's ruling to admit, or not to admit, the testimony and evidence at the former proceedings.

We observe at the outset that the proceedings sought be be introduced, relating to the applications of Hearin-Miller Transporters, Inc., and Robertson Tank Lines, Inc., do not form part of the record sent to us for review. From this omission, we draw the conclusion that the Commission did not consider the records of the former proceedings in arriving at its determination to grant the authorization to Asphalt Transport, Inc., 1 Cooper, State Administrative Law, Chapter XII (1965); Davis, Administrative Law § 88 (1951).

Section 4 of Article VI of the Louisiana Constitution confers upon the Commission power to adopt reasonable rules for the conduct of proceedings before it. The Commission has, to implement this authority,

provided by rule that it "will adhere, as near as may be, to the rules of evidence enforced in the District Courts of this State." La. Public Serv.Comm., Rules of Practice, § R (Rev. May 1, 1948).

■ It has long been the rule of evidence enforced in the courts of this State that the testimony of witnesses in previous suits between the same parties for the same cause of action, when there has been an opportunity of cross-examination, may be used by either party, if the witness be dead, or for other causes cannot be produced. Hincks v. Converse, 38 La.Ann. 871 (1886); Trimmel & Burnett v. Marvel & Irwin, 11 La.Ann. 404 (1856). See also Morace v. Avoyelles Wholesale Grocery Co., 39 So.2d 105 (La. App.1949) for a review of much of the jurisprudence at that time. Restated, the rule requires that for testimony of former proceedings to be admissible, the party offering must establish: (1) identity of parties, (2) identity of issues and (3) the unavailability of the witnesses for production at the present trial. These requirements, when met, form an exception to the hearsay rule. For only testimony given orally at the present trial or hearing, and subject to cross-examination, would, when offered to prove the facts recited, escape the name of hearsay. McCormick on Evidence § 230 et seq. (1954).

Other than the information contained in the arguments of counsel which attended the objection to the introduction of the former proceeding, we have no information establishing the identity of the parties, the identity of the issues or the unavailability of the witnesses upon which to base a finding that it was error for the Commission to exclude the former proceeding. To the contrary, counsel for Hearin-Miller Transporters, Inc., and the other protesting parties strenuously urged that even though some of them may have been present at the former hearing, they had no opportunity to cross-examine the witnesses relative to the financial condition of Asphalt Transport, Inc., the locations of its terminals, or if the users of transport facilities would utilize the services of Asphalt Transport, Inc. these questions are important, they declared, because users look to the financial structure of the carrier to determine the probable reliability of their service. Therefore, because Asphalt Transport, Inc., was not the applicant in the former proceedings, the question of whether the public convenience and necessity would be materially promoted by issuing a certificate to Asphalt Transport, Inc., was not an issue in those proceedings as it is in the instant matter.

Moreover, it was not established by the argument, or otherwise, that the witnesses who testified in the former proceedings were unavailable to testify in the present proceeding. To the contrary, counsel for Asphalt Transport, Inc., seems to have conceded their availability when he declared

in argument, "These witnesses are just as available to me on subpoena to be here to-day or the date you might continue this so I could get them here * * *"

■ We conclude from the foregoing that the Commissioner properly declined to permit the introduction of the former proceedings in the record of the case.

We turn now to a review of the merits of the application and the correctness of the Commission's action in granting the certificate. The Commission is governed in the exercise of its authority to grant certificates by the basic standards established in Section 164 of Title 45 of the Revised Statutes, which provides:

"No motor carrier shall operate as a common carrier without first having obtained from the commission a certificate of public convenience and necessity, which shall be issued only after a written application made and filed, a public hearing, due notice given to applicant and all competing common carriers, and a finding by the commission that public convenience and necessity require the issuance of a certificate. No new or additional certificate shall be granted over a route where there is an existing certificate, unless it be clearly shown that the public convenience and necessity would be materially promoted thereby.

*   *   *   *   *   *"

With the foregoing principle before us, we conclude that the Commission should not

have issued a certificate to Asphalt Transport, Inc., to transport nitrate of soda, caustic soda, polyethylene, aluminum chloride, ethyl chloride, metallic sodium, carbon gum and sludge removing compounds, anti-oxydents, ethylene dichloride, hydropolymer oil, methyl chloride, vinyl chloride, vinylidine chloride, aluminum alkyls, plastic resins in pellet form and chlorinated solvents. No mention appears in the record of these commodities; and it follows inescapably that, as to them, the Commission could not find that "the public convenience and necessity require the issuance of a certificate." Nor could it be "clearly shown", under these circumstances, "that the public convenience and necessity would be materially promoted" by the issuance of a certificate.

The other commodities referred to in the certificate are soda ash, urea, salt, ammonium nitrate, ammonium sulphate, lime, oil-field mud (barite) and fertilizer chemicals. Although evidence does appear in the record relating to these commodities, it is in some instances sparse indeed. For example, soda ash was mentiond by only one witness, who testified: "I don't know of any need for it in our business." This could hardly support a finding which would warrant the issuance of a certificate as to that commodity.

In support of the protestants, representatives of Smith Transit, Inc., Southern Pacific Company, Bulk Transport, Inc., Bulk

Products Transportation, Inc., and J. & E. Company, Inc., testified they had adequate facilities available to accommodate the present need for this type transportation; they were interested in expanding their business with their present facilities and their investments would be impaired or jeopardized if the certificate were granted to Asphalt Transport, Inc.

F. C. Redfield, Vice President of Robertson Tank Lines, Inc., testified that his company had terminals at Sulphur, New Iberia and Kenner, La., all in the southern part of the State, and their facilities were available at these points where approximately 50 tractor units and an appropriate number of trailers were assigned. To the same general effect, the testimony of David D. Kennedy, General Traffic Manager of Hearin-Miller Transporters, Inc., established that Hearin-Miller Transporters, Inc., and its predecessor corporation had been doing business in the tank-truck field for more than 30 years. That company also maintained terminals in Lake Charles, Shreveport, Baton Rouge, Kenner and Lafayette where 200 transport units were stationed.

Exhibits filed in evidence list the equipment, investments and facilities of protestants, generally supporting their contention that there is no need for additional carriers of the type offered by Asphalt Transport, Inc. None of the evidence presented by the protestants was contradicted.

The foregoing facts demonstrate there was no "clear" showing that the public convenience and necessity would be materially promoted by the issuance of the certificate to Asphalt Transport, Inc. To the contrary, the weight of the evidence is with the protestants. Hearin Tank Lines, Inc. v. Louisiana Public Service Commission, 247 La. 826, 174 So.2d 644 (1965); Herrin Transportation Co. v. Louisiana Public Service Commission, 241 La. 174, 127 So.2d 541 (1961).

For the reasons assigned, the judgment of the District Court is reversed and set aside, and there is judgment herein declaring the certificate issued by the Public Service Commission to be null, void and of no effect.