408 So.2d 940 (1981)
Danny E. STUTTS, Samuel C. Stutts, and Charles A. Stutts, Plaintiffs-Appellants,
v.
Bertha Ransbottom HUMPHRIES, and David Ray Humphries and his wife, Christine Walters Humphries, Defendants-Appellees.
No. 14716.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1981.[*]
*942 Hamilton & Carroll by Donald K. Carroll, Oak Grove, for plaintiffs-appellants.
Watson & Watson by Philip B. Watson, Jr., St. Joseph, for defendants-appellees.
Before HALL, MARVIN and FRED W. JONES, JJ.
HALL, Judge.
This petitory action was filed by the Stutts plaintiffs against the Humphries defendants after a judgment in a prior possessory action recognizing the Humphries' possession was affirmed on appeal by this court in an unpublished opinion. Plaintiffs assert ownership of a 28-acre tract of land based on record title and, alternatively, 10 and 30 years acquisitive prescription. Defendants likewise claim ownership by title and, alternatively, by acquisitive prescription of 10 and 30 years.
After trial the district court in well-reasoned written reasons for judgment found that several deeds in plaintiffs' chain of title excluded the tract in dispute and that accordingly plaintiffs failed to make out their title. The court further found that the evidence of possession was insufficient to establish a prescriptive title in plaintiffs. Finding defendants' chain of title to be unbroken, judgment was rendered recognizing defendants' ownership. Plaintiffs appeal.
Plaintiffs' specification of errors can be summarized as follows:
(1) The trial court erred in not finding that plaintiffs have the best, superior and perfect title to the subject property and particularly in construing the deed from the common ancestor in title, Elgutter, to plaintiffs' ancestor in title, Meyers, as excluding the subject property;
(2) The trial court erred in failing to find that plaintiffs' acquired ownership by 10 and 30 years acquisitive prescription;
(3) The trial court abused its discretion by denying plaintiffs' motion for the court to inspect and to take testimony at the site of the disputed property; and
(4) The trial court erred in admitting the testimony of a now deceased surveyor taken at the trial of the possessory action.
Concluding that the trial court correctly resolved all issues presented in this case, we affirm the judgment.
Facts
The property in dispute is a 28-acre tract of land which can be described as the east 50 acres (east 12.5 chains) of the E/2 of the SE/4 of Section 14, T 14 N, R 11 E, Tensas Parish, Louisiana, less and except 5½ chains off the east side thereof, the excepted tract containing 22 acres.
A regular chain of title from patent into Adolfe Elgutter was established. The title dispute focuses on transfers from Elgutter *943 to the respective ancestors in title of plaintiffs and defendants.
Elgutter had acquired a large tract of land which included the subject property. In January 1906 he conveyed to Peter Smith and Ellen Smith Robinson (defendants' ancestors in title) a tract of land, stated to contain 101¼ acres, by a metes and bounds description which included the east 5½ chains of the E/2 of the SE/4 of Section 14.
In November 1911, Elgutter conveyed to George E. Meyers (plaintiffs' ancestor in title) a tract of land including the E/2 of the E/2 of Section 14, "... excepting therefrom a parcel of land containing 50 acres heretofore sold to Peter Smith and Ellen Robinson off of the East side of the East half of the South East quarter of said Section 14, a survey of which portion herein stated to have been sold to said Smith and Robinson is to be made; ...."
In February 1912 Elgutter executed a correction deed in favor of Smith and Robinson whereby the metes and bounds description of the property sold to them by the 1906 deed was corrected to include the east 12.5 chains of the E/2 of the SE/4 of Section 14.
In subsequent transactions down to and including the deeds whereby defendants acquired the property in 1963 and 1971, the descriptions included the east 12.5 chains off the east side of the E/2 of the SE/4 of Section 14, being the east 50 acres thereof.
In conveyances from Meyers to Marley in 1912 and from Marley to McNair in 1914, the exception of the 50 acres sold to Smith and Robinson is stated in the same manner as in the conveyance from Elgutter to Meyers. In a sale from McNair to Reynolds in 1921, and thereafter down to and including the deed by which plaintiffs acquired the property in 1975, the exception was changed to read: "... a strip of land Five and Fifty-hundreths chains in width off the East side of the East Half of the Southeast Quarter of said Section Fourteen...." The last two conveyances in plaintiffs' chain of title were without warranty as to any portion of the east 50 acres of the E/2 of the SE/4 of Section 14.
Consequently, the descriptions contained in the deeds by which plaintiffs and defendants acquired title overlap as to a strip 7 chains in width east and west and 40 chains in length north and south, which is the 28-acre tract in dispute.
Record Title
Defendants contend and the trial court held that the deed from Elgutter to Meyers excluded 50 acres off the east side of the E/2 of the SE/4 and that the reference to the sale from Elgutter to Smith and Robinson did not limit the exclusionary clause.
Plaintiffs contend that the reference to the Smith and Robinson sale must be given effect and since that sale only described the east 5½ chains or east 22 acres, the property in dispute lying westerly thereof was not excluded from the sale to Meyers. In support of their argument plaintiffs cite several principles of law applicable to interpretation of descriptions in conveyances. Construction of the language in a description should be in favor of the vendee and against the vendor as to the extent of the property conveyed. Texas Company v. O'Meara, 228 La. 474, 82 So.2d 769 (1955). The real intention of the parties to a deed is to be sought and carried out whenever possible. Where the recitals in a deed are inconsistent or repugnant, the first recital does not necessarily prevail, but the whole language of the deed must be considered to ascertain its true construction. Where different clauses in a deed are repugnant, the court will effectuate the one which appears most in harmony with the purpose of the grant and the intention of the parties. Smith v. Chappell, 177 La. 311, 148 So. 242 (1933). In determining boundary lines, the law recognizes, named in the order of their importance, natural monuments, artificial monuments, distances, courses, and quantity, but the controlling consideration is the intention of the parties. Dufrene v. Bernstein, 190 La. 66, 181 So. 859 (1938). Quantity is the weakest method of identification. Bender v. Chew, 129 La. 849, 56 So. 1023 (1911). When the identity *944 of the land excepted cannot be established, then the exception rather than the deed itself is void. Harrill v. Pitts, 194 La. 123, 193 So. 562 (1940); Blevins v. Manufacturers Record Publishing Co., 235 La. 708, 105 So.2d 392 (1958).
In the sale from Elgutter to Meyers the 50-acre tract off the east side of the east half of the southeast quarter was specifically excepted from the description of the property conveyed. The description of the excepted tract was of sufficient clarity to locate and identify the property excepted. The reference to the excepted property as having been sold to Smith and Robinson does not serve to either limit or enlarge the specific description of the property excepted. The reference was not to the particular 1906 deed to Smith and Robinson. Even if the particular deed had been referred to, the rule is that a reference to property adequately described in a deed as being the same property acquired or sold in a former deed neither enlarges the description to include lands not described nor to exclude any lands described therein. See W. B. Thompson & Co. v. McNair, 199 La. 918, 7 So.2d 184 (1942); Bender v. Chew, supra; Wood v. Klause, 175 So.2d 401 (La.App. 4th Cir. 1965), writ denied 248 La. 360, 178 So.2d 654 (1965); Fortier v. Soniat, 143 So.2d 91 (La. App. 4th Cir. 1962); Dixie Pine Products Co. v. Switzer, 111 So.2d 518 (La.App. 1st Cir. 1959).
The disputed property was not conveyed by Elgutter to Meyers in the 1911 deed. By the 1912 correction instrument, the property was conveyed to Smith and Robinson, defendants' ancestors in title. The disputed property was not described in plaintiffs' chain of title until the conveyance from McNair to Reynolds in 1921. There is a gap in plaintiffs' record chain of title and, consequently, plaintiffs did not make out their title good as against the world, without regard to the title of the adverse claimants in possession thereof. LSA-C.C.P. Art. 3653; Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974). On the contrary, defendants did make out a perfect title, more ancient and superior to that of plaintiffs, and are entitled to have their ownership of the property recognized, unless plaintiffs established ownership based on 10 or 30 years acquisitive prescription.
Acquisitive PrescriptionPossession
Plaintiffs vigorously contend on appeal that the evidence taken at trial established civil and corporeal possession of the disputed tract by their ancestors in title for continuous periods of 10 and 30 years. Plaintiffs offered evidence tending to show there was an old boundary line fence running north and south along the 5½ chain line, the eastern line of the disputed area. There was evidence that during the 1930s and early 1940s, timber was cut by the then owner, Fitzgerald, and that McKinley Robinson, under an agreement with Fitzgerald, moved onto the property, built a house, and cleared and fenced part of it. Evidence was offered to show that hunting leases of the property had been granted by a later owner, Pipes.
Defendants countered with evidence that no north-south fence ever existed on the 5½ chain line but that a north-south boundary fence was located on the west or 12.5 chain line of the disputed area, that the fence was there when defendants cleared the area in 1967, and that vestiges of the fence were still in existence in the late 1970s. Testimony was presented tending to show that Robinson's old house and clearing were located west of the west line of the disputed area and that the hunting leases were west of the west fence. There was evidence of an east-west hedgerow marking the boundary between the properties of defendants' ancestors in title, who had partitioned the 50-acre tract, which extended all the way to the west line of the disputed property.
The trial court correctly resolved the factual issue of possession in favor of defendants. The burden of proof was on the plaintiffs. The weight of the evidence, as determined by the trial court, was that the acts of possession chiefly relied on by plaintiffs took place west of the property in dispute, and that the boundary fence marking *945 the west boundary of the property on which plaintiffs' ancestors in title lived and farmed for many years was on the west line of the disputed property. Plaintiffs failed to establish ownership based on acquisitive prescription.
Motion to Inspect and Take Testimony at the Property
Plaintiffs contend the trial court abused its discretion in denying plaintiffs' motion to inspect the property and to take testimony of the witnesses at the site of the property. The trial court carefully considered the motion and, in denying it, determined that on-site inspection and testimony would be of no value to the court in deciding the case. The court noted that the character of the land had been drastically altered by clearing in recent years, and that the testimony, maps, surveys, aerial photographs, and other evidence presented in court were more probative of facts that existed years ago than would be a current visit to the property. We find no abuse of discretion.
Admissibility of Former Testimony
At trial, the court allowed defendants to introduce the transcript of the testimony of a surveyor who testified at trial of the prior possessory action and who had subsequently died. Plaintiffs argue it was error to admit this evidence. It is contended that in order for testimony taken at an earlier judicial proceeding to be admissible as evidence in a subsequent proceeding, there must be a showing that (1) there exists an identity of parties between the two proceedings; (2) there exists an identity of issues between the two proceedings; and (3) the witness whose testimony is sought to be introduced is unavailable for production at the later trial. Bulk Transport, Inc. v. Louisiana Public Service Commission, 252 La. 9, 209 So.2d 4 (1968); Young v. Reed, 192 So. 780 (La.App.2d Cir. 1939), citing Rouyer, et al. v. Carroll, 47 La.Ann. 768, 17 So. 292 (1895). There must also have been opportunity for full cross-examination on the identical issues at the prior proceeding. Montgomery v. Breaux, 297 So.2d 185 (La.1974). See also Comment, The Admissibility of Former Testimony in Civil and Criminal Trials, 20 La.L.Rev. 146 (1959). Unless these requirements are met, the former testimony must be ruled inadmissible as hearsay. Bulk Transport, Inc. v. Louisiana Public Service Commission, supra.
The testimony of the surveyor covered the existence or nonexistence of physical landmarks on the property as he found them upon inspection prior to the possessory action. Of particular importance were his findings of vestiges of the north-south fence on the western line of the disputed property with "fairly old" barbed wire embedded in trees.
Plaintiffs concede the identity of parties and the unavailability of the witness, but contend the possessory action did not involve identical issues as this petitory action, the former being concerned with possession for one year and the latter being concerned with possession for many years. Plaintiffs contend they had no reason in the possessory action to cross-examine the witness as to the age of the wire, fences, and other landmarks, but the opportunity for such cross-examination was vital in this petitory action.
McCormick's Handbook of the Law of Evidence (2d ed. 1972), cited in several of the cases mentioned above, explains the identity of issues requirement in Section 257:
"... It is often said that the issue in the two suits must be the same. But certainly the policy mentioned does not require that all the issues (any more than all the parties) in the two proceedings must be the same, but at most that the issue on which the testimony was offered in the first suit must be the same as the issue upon which it is offered in the second. Additional issues or differences in regard to issues upon which the former testimony is not offered are of no consequence. Moreover, insistence upon precise identity of issues, which might have some appropriateness if the question *946 were one of res judicata or estoppel by judgment, are out of place with respect to former testimony where the question is not of binding anyone, but merely of the salvaging, for what it may be worth, of the testimony of a witness not now available in person. Accordingly, modern opinions qualify the requirement by demanding only `substantial' identity of issues.
"It follows that neither the form of the proceeding, the theory of the case, nor the nature of the relief sought needs be the same. Though there have been occasional holdings imposing such requirements, it is manifest that they have no pertinence to the policy of adequacy of opportunity for cross-examination, and the more convincing opinions reject them....
"... It seems, then, that the requirement should be restated, not as a mechanical one of identity or even of substantial identity of issues, but rather as a requirement that the issues in the first proceeding and hence the purpose for which the testimony was there offered, must have been such that the present opponent (or some person in like interest) had an adequate motive for testing on cross-examination the credibility of the testimony now offered." (footnotes and citations omitted)
The issues in the former possessory action and the present petitory action are substantially the same, particularly as they relate to the testimony of the surveyor. The primary thrust of his testimony was to describe, orally and by mapping, what he found and where he found it on the ground when making his survey in 1978. The surveyor was cross-examined fully on this testimony by the plaintiffs in the present action. Plaintiffs had the motive and the opportunity, which was fully taken advantage of, to test on cross-examination the credibility of the testimony now offered. The requirements of the exception to the hearsay rule were met and the former testimony was properly admitted into evidence.
Decree
For the reasons assigned, the judgment of the district court is affirmed at the cost of plaintiffsappellants.
Affirmed.
NOTES
[*] Rehearing not considerednot timely filed.