DOMENGEAUX, Judge.
Travelers Insurance Company instituted this action seeking to recover from William R. Harkins some $21,000.00 which it claims to have erroneously paid the defendant under the terms of a group hospitalization policy. The case was tried and the district court awarded judgment in favor of the defendant denying the claims of Travelers. *633 From that adverse judgment plaintiff has perfected this appeal.
The facts adduced at trial show that at the time defendant was injured he was an employee of Continental Oil Company (hereinafter Conoco). Pursuant to their duties Mr. Harkins and another Conoco employee made a trip to New Jersey, where while unloading drums of chemicals, Har-kins experienced pain. He immediately developed symptoms of a cervical disc injury for which he underwent surgery.
The record reveals that defendant filed suit for and recovered compensation benefits from Conoco’s worker’s compensation insurer.
During this period of time Mr. Harkins also made claims against the plaintiff, Travelers, for medical bills relating to the treatment of his neck, arm, and knee.
The group health policy under which Travelers paid Mr. Harkins’ claims provides an exclusion for work-related accidents. Travelers contends that because of this exclusion it should not have been liable for Mr. Harkins’ claims. More specifically, it contends that the medical expenses which it paid were made necessary by a work-related accident, covered by worker’s compensation, and thus not covered by the terms of its policy. As such it claims the amounts paid out under the policy were sums not due for which it is entitled to recover.
After trial of the matter the lower court found that: (1) the greater portion of the medical bills paid by plaintiff were incurred for the treatment of an arthritic condition in defendant’s knee and not connected to the cervical disc problem covered by worker’s compensation, and (2) Travelers failed to carry its burden of proving that the terms of the policy excluded coverage of these expenses.
On appeal the plaintiff’s contentions can be summarized into two main categories as follows: The trial court committed reversible error in (1) refusing to allow into evidence parts of the record or other evidence relating to defendant’s earlier worker's compensation suit identified as William Harkins v. Continental Oil Company, Docket Number 78-4868, and (2) finding that defendant had failed to carry its burden of proving that liability did not exist under the terms of the contract.
ADMISSIBILITY OF THE EVIDENCE
There can be no doubt that when a trial court rules evidence as inadmissible it must give the reason for its rulings and on appeal that decision is reviewable. La.C. C.P. Art. 1636. In the case at bar the trial judge refused to allow into evidence testimony dealing with the earlier worker’s compensation proceeding. He stated that the material was irrelevant because of the lack of identity between the issues in the two proceedings.
“... in order for testimony taken at an earlier judicial proceeding to be admissible as evidence in a subsequent proceeding, there must be a showing that (1) there exists an identity of parties between the two proceedings; (2) there exists an identity of issues between the two proceedings; and (3) the witness whose testimony is sought to be introduced is unavailable for production at the later trial. Bulk Transport, Inc. v. Louisiana Public Service Commission, 252 La. 9, 209 So.2d 4 (1968); Young v. Reed, 192 So. 780 (La.App. 2nd Cir.1939), citing Rouyer, et al v. Carroll, 47 La.Ann. 768, 17 So. 292 (1895). There must also have been opportunity for full cross-examination on the identical issues at the prior proceeding. Montgomery v. Breaux, 297 So.2d 185 (La.1974). See also Comment, The Admissibility of Former Testimony in Civil and Criminal Trials, 20 La.L.Rev. 146 (1959). Unless these requirements are met, the former testimony must be ruled inadmissible as hearsay. Bulk Transport, Inc. v. Louisiana Public Service Commission, supra.” Stutts v. Humphries, 408 So.2d 940 (La. App. 2nd Cir.1981).
There is no identity of the parties between this case and the earlier worker's compensation case. It is true that:
*634 Complete mutuality or identity of all the parties is not necessary to admit testimony in a former suit. It generally suffices if the issue be the same, and the party against whom it is offered had full power of cross-examination.”
Rouyer, et al. v. Carroll, 17 So. 292 (La.1895).
Here not only is there a lack of identity of parties, but the issues are not the same, and if allowed, the party against whom the evidence was offered would be deprived of the full power of cross-examination. This case involves whether Travelers should be able to recoup payments it made under a group health policy. The worker’s compensation case concerned whether an entirely different insurance company should be held liable under a policy of worker’s compensation insurance. A litigant should not be required to contemplate what his tactics will be as to cross-examination in one proceeding against one defendant in order to preserve that privilege for a defense against an entirely different adversary in a different proceeding on a different cause of action. We thus hold that the trial court properly excluded the evidence.
LIABILITY UNDER THE TERMS OF THE CONTRACT
The trial judge in his well-reasoned opinion stated:
“... Travelers had the burden of proving that the terms of the policy under which it paid excluded coverage for such expenses. In an effort to do so, it put into evidence a policy with an effective date of January 1, 1976, and with a one year policy period. The accident in New Jersey occurred on or about January 31, 1978, more than a year beyond the effective dates of the policy received into evidence.
Travelers apparently would have the court assume that the same policy provisions were in effect at the time of Har-kins’ accident, but the court is not free to do so, and, consequently the court cannot determine whether the payments made were, in fact, not due under the terms of the policy m effect at the time in question.”
In its brief Travelers claims that the policy in evidence remains in effect so long as the premiums are paid and the insurer does not notify the insured as to any intention to cancel the policy. However, the record does not contain one scintilla of evidence which in any way relates to either requirement of the continued existence of the policy. The only mention of these requirements is the statement that they exist in the appellate brief. Nowhere is there proof that the requirements have been met. We thus are convinced that the trial court correctly resolved this issue.
For the above and foregoing reasons the judgment of the trial court is affirmed. 'All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.