LOLLEY, J.
| Louisiana Farm Bureau Casualty Insurance Company (“Farm Bureau”) and Robert Thomas Carter appeal the judgment of the Shreveport City Court, Parish of Caddo, State of Louisiana, in favor of State Farm Mutual Automobile Insurance Company (“State Farm”) finding Carter and Farm Bureau liable for the automobile accident at issue.
Facts
This case arises out of an automobile accident that took place around 4:30 p.m. on November 21, 2008, on West 70th Street in Shreveport, Louisiana. One vehicle involved in the accident was driven by Robert Carter and insured by Farm Bureau. The other vehicle involved was driven by Lionel Boyer and insured by State Farm. The two drivers involved in the accident tell conflicting versions of what occurred that day, each stating that the other was to blame.
Carter maintains that, prior to the accident, he exited a Valero gas station on West 70th Street in an effort to proceed east. As was necessary, Carter intended to pull across two westbound lanes and the center turning lane before heading east. When he exited the gas station, he claims he saw no traffic in the westbound lanes, so he crossed the lanes and pulled into the center turning lane; there, he waited for a break in the eastbound traffic. While he waited there for several seconds, a car operated by Steven Dennis approached behind him, heading westbound. Dennis stopped behind Carter’s vehicle, waiting for him to turn. Meanwhile, Boyer was traveling in the westbound lane behind Dennis. Instead of stopping like Dennis did, Boyer crossed over into the eastbound lanes, going against the flow of |2traffic, in an effort to get around Carter. Simultaneously, Carter saw a break in traffic in the eastbound lanes and pulled forward. As he did so, the front of Boyer’s vehicle struck the passenger side of Carter’s vehicle.
Boyer tells a different tale. He claims that as he proceeded down the turning lane, Carter left the Valero gas station, crossed the westbound lanes, and entered the turning lane where Boyer was driving. Boyer noticed Carter’s vehicle only moments before the passenger side of his vehicle was struck at a 90-degree angle by the front of Carter’s vehicle. At no time, Boyer states, did he travel in the wrong direction or cross the center line. He claims he remained in the turning lane and had the right of way.
At trial, both parties stipulated to all other issues, leaving only the issue of liability for the trial court to decide. Ulti *1038 mately, the trial court ruled in favor of Boyer and State Farm, finding Carter fully liable for the accident and, thus, ordering him to pay $6,015.78 with interest. This appeal ensued.
Law and Discussion
As their sole assignment of error, Farm Bureau and Carter claim the trial court erred in allowing the transcript of a recorded phone interview to be read into the record for impeachment purposes, because the proper impeachment procedure was not followed. They claim the trial court based its assessment of liability on the fact that Carter was found to lack credibility because of that impeachment.
An appellate court may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong, and where two permissible views of the evidence exist, the factfinder’s choice between |sthem cannot be manifestly erroneous or clearly wrong. Cole v. State Department of Public Safety and Corrections, 2001-2123 (La.09/04/02), 825 So.2d 1134; Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993). To reverse a factfinder’s determination, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. Stobart, supra. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact-finder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Cole, supra; Rosell v. ESCO, 549 So.2d 840 (La.1989). However, if a court finds that the trial court committed a reversible error of law or manifest error of fact, the court of appeal must ascertain the facts de novo from the record and render a judgment on the merits. LeBlanc v. Stevenson, 2000-0157 (La.10/17/00), 770 So.2d 766.
In reaching an ultimate decision on an alleged procedural error, the court must consider not only whether the particular ruling constituted error, but also whether the error caused harm or prejudice to the parties. Hesser v. Richardson, 579 So.2d 1136 (La.App. 2d Cir.1991). Unless prejudice resulted, reversal is not warranted. Id. The party alleging error has the burden of showing that the error was prejudicial to his case. In other words, the determination is whether the error, when compared to the record in its totality, has a substantial effect on the outcome of the case. Id.
|4At trial in the case sub judice, only Carter and Boyer testified. Dennis, the only nonparty witness, did not appear at trial despite having been subpoenaed. Therefore, the trial court was called to assess the credibility of the parties to decide the case. Carter testified as to his version of the accident, stating that the accident was caused when Boyer entered the eastbound lane heading west in an effort to get around Carter’s vehicle. During cross-examination, counsel for State Farm asked Carter about the events that occurred surrounding the accident. At one point during the cross examination, Carter stated:
The westbound traffic stopped and I started to ease across one, two and three and lane four and I was in four [the turning lane]. Okay. The westbound traffic that was coming off 3132 loop that one vehicle stopped for me ‘cause I was sitting right there into lane number four, [emphasis added]
Carter’s statement, that one vehicle had stopped for him, was contrary to a recorded statement that he had made to Farm Bureau in which he had stated that two *1039 vehicles had stopped for him that day. Counsel for State Farm continued (with some punctuation added):
Question: Excuse me. The statement taken by Farm Bureau. Have you looked at a copy of that?
Answer: Yes sir.
Question: Okay. Then you looked at page two I’m sure where you are discussing the accident and you were saying the accident happened I was easing out of the gas station, traffic was not coming up westbound. Traffic was coming eastbound. Maybe one or two cars. I pulled out of the station to let a pickup truck come off of 8132 headed westbound eastbound and another vehicle coming up eastbound and this gentleman — I don’t know his name — I don’t have the police report but he came from behind those two vehicles that were stopped.
| r,Counsel for Farm Bureau: Your Hon- or I am going to object. This is improper impeachment. I don’t know what he’s trying to do with this statement. He has not testified anything differently than was indicated in the statement.
Counsel for State Farm: He actually did[.] [H]e said that there was one vehicle.
⅜ ⅜ ⅝ ⅜ ⅜ ⅜
Counsel for Farm Bureau: And he has not[ — lit is improper impeachment[.] [H]e is[ — ]he is trying to[,] I thinkf,] establish a difference in testimony between his testimony here today and the statement but that question that he just read and the statement was not asked of him here today so it is improper impeachment. It is improper use of a recorded statement.
Court: Okay. I’m going to give him a chance to respond. Yes.
Counsel for State Farm: Thank you Your Honor. Well this gentleman testified that there was only one vehicle that stopped for him and this statement that he gave said two vehicles were stopped and I want to find out which one is accurate and what he was referring to.
Court: Alright.
Counsel for Farm Bureau: To use a statement in impeachment he has got to ask him the same question and get a different answer. The statement! — ]the question that he asked you today is different from the question that asked him on the statement that the way he is trying to use it is improper.
Court: Alright. Overruled.
However, this was not the sole inconsistency in Carter’s testimony before the trial court. Additionally, there was an instance when Carter | ^testified that he had been wearing eyeglasses at the time of the accident, but in his recorded statement to Farm Bureau he had said he was not wearing eyeglasses at the time.
The trial court apparently made note of these inconsistencies in Carter’s testimony, as evidenced in its ruling when it stated:
Based on the aforementioned, the court is compelled to resolve the issue of fault based on a credibility determination of the witnesses’ testimony. At trial, Mr. Carter’s testimony was inconsistent with prior statements he made under oath concerning the accident, and the Court finds it compromised his credibility. Accordingly, the Court accepts the testimony of Mr. Boyer as to the cause of the accident.
Notably, the trial court stated Carter was inconsistent in making “prior statements.” This references more than one statement *1040 it found Carter made inconsistently. Other statements besides the statements surrounding the impeachment at issue, including Carter’s discrepancy regarding the wearing of his glasses, also played a part in the trial court’s credibility call. Therefore, whether the single impeachment at issue was handled properly or improperly according to impeachment procedures is irrelevant as it was not the sole factor in the trial court’s credibility determination; it is obvious that the trial court’s credibility call was made based on Carter’s overall testimony and not on the one particular statement at issue. This determination will not be disturbed on appeal as we find the trial court made no manifest error. We find Boyer and State Farm did not bear their burden of showing that if the impeachment was found to have been conducted improperly, this error was prejudicial to their case. After a thorough examination of the record, we find the trial court was reasonable in finding |7Carter lacked credibility and thereby assessing him full liability for the accident.
Conclusion
For the foregoing reasons, the judgment in favor of State Farm Mutual Automobile Insurance Company is affirmed. All costs of this appeal are to be assessed to Louisiana Farm Bureau Casualty Insurance Company and Robert Thomas Carter.
AFFIRMED.