BROWN, C.J.
Plaintiff, Dustin B. Patterson, filed suit against defendants, State Farm Mutual Automobile Insurance Company, ANPAC Louisiana Insurance Company, CLOCO, LLC, and Todd Cloinger, seeking damages for injuries he sustained in an automobile accident that occurred on June 23, 2014. Prior to trial, Patterson settled his claims against Cloinger (the driver of the other vehicle), State Farm (Cloinger's liability insurer), and CLOCO (the owner of the vehicle driven by Cloinger) for $50,000. Additionally, ANPAC (Patterson's UM insurer) tendered to Patterson UM benefits in the amount of $60,000.
The case proceeded to a jury trial against ANPAC. The jury attributed 100% of the fault for the accident to Cloinger, found that Patterson suffered damages as a result of the collision, and awarded him $13,632.63 in past medical expenses; $5,000 in future medical expenses; and $5,000 for his pain and suffering, for a total award of $23,632.63. On November 28, 2016, the trial court rendered a final judgment in accordance with the jury's verdict and, inter alia , "ORDERED, ADJUDGED, AND DECREED that in applying the stipulations in this matter, no further money is owed by defendant, ANPAC LOUISIANA INSURANCE COMPANY, to plaintiff, DUSTIN PATTERSON." Plaintiff has appealed, urging that the trial court erred in granting defendant's motion in limine which limited evidence of Patterson's past and future medical expenses to the contractually discounted rates paid by his insurer and thus denied him the opportunity to recover the full benefit of the "write off" amounts.
DISCUSSION
ANPAC filed a motion in limine seeking to limit Patterson from presenting to the jury evidence of any medical expenses in excess of the contracted rate paid by his health insurer. This motion was opposed by plaintiff. The trial court granted ANPAC's motion on May 23, 2016.[1] Jury trial *803 was held July 25-27, 2016. On the first day of trial, the parties put several stipulations on the record, including that the $110,000 received by Patterson pretrial would be credited against any judgment entered against ANPAC. Also stipulated to by the attorneys was the amount of past medical expenses potentially recoverable by plaintiff as limited by the trial court's evidentiary ruling. Patterson's counsel re-urged his objection to the trial court's evidentiary ruling for the record. In accordance with its pretrial ruling, the trial court only allowed plaintiff to introduce the contractually discounted amounts (which totaled $13,632.63) paid by his health insurer to medical providers as evidence of plaintiff's past medical expenses.
The trial court cited the recent supreme court case of Hoffman v. 21st Century North America Insurance Co. , 14-2279 (La. 10/02/15), 209 So.3d 702, and noted that plaintiff did not have the obligation to pay the "write-off" amounts under the Balance Billing Act in support of its ruling. Health Care Consumer Billing Disclosure Protection Act, also known as the "Balance Billing Act", La. R.S. 22:1871, et seq.
Dustin Patterson was the victim of a car wreck caused by a tortfeasor found by the jury to be 100% at fault. Plaintiff sought medical attention for his injuries, and his medical providers were paid by his health insurer, Blue Cross, which was entitled to a discount as a result of collective bargaining. All of plaintiff's medical providers accepted the discounted amount ($13,632.63) rather than the customary charge for patients with no health insurance ($63,072.88), which means these providers "wrote off" $49,440.25, the difference between their customary charges and the discounted amounts they accepted from Blue Cross. According to Patterson, the trial court's ruling was legally erroneous because it failed to allow him, the tort victim, to realize the "benefit of the bargain" and recover the write-off amount of $49,440.25, considering the reduction in his patrimony that occurred when he paid health insurance premiums to Blue Cross for his medical insurance. We agree with Patterson's argument.
The collateral source rule is a rule of evidence and damages that provides that a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be reduced, because of monies received by the plaintiff from sources independent of the tortfeasor's procuration or contribution. Bozeman v. State , 03-1016 (La. 07/02/04), 879 So.2d 692 ; Louisiana Dept. of Transportation and Development v. Kansas City Southern Ry. Co., 02-2349 (La. 05/20/03), 846 So.2d 734. The payments received from the independent source are not deducted from the award the aggrieved party would otherwise receive from the wrongdoer, and a tortfeasor's liability to an injured plaintiff should be the same, regardless of whether or not the plaintiff had the foresight to obtain insurance. Id. at 739-40. As a result of the collateral source rule, the tortfeasor is not able to benefit from the victim's foresight in purchasing insurance and other benefits. Hoffman, 209 So.3d at 704 ; Bozeman, supra at 698 ; Suhor v. Lagasse , 00-1628 (La. App. 4 Cir. 09/13/00), 770 So.2d 422, 423. The major policy reason for applying the collateral source rule to damages has been, and continues to be, tort deterrence. Bozeman, 879 So.2d at 700. However, the supreme court in Hoffman , supra at 706, observed that "in both Bozeman and Bel lard *804 , we emphasized a fundamental consideration for application of the collateral source rule, in addition to tort deterrence, is 'whether the victim, by having a collateral source available as a source of recovery, either paid for such benefit or suffered some diminution in his or her patrimony because of the availability of the benefit, such that no actual windfall or double recovery would result from application of the rule.' "
From an evidentiary perspective, the collateral source rule bars the introduction of evidence that a plaintiff has received benefits or payments from a collateral source independent of the tortfeasor's procuration or contribution. Bozeman, supra . As in the instant case, the issue typically arises at trial in the form of a motion in limine. Id. See also Terrell v. Nanda , 33,242 (La. App. 2 Cir. 05/10/00), 759 So.2d 1026 ; Suhor, supra.
The trial court is granted broad discretion in its evidentiary rulings which are not to be disturbed on appeal absent a clear abuse of discretion. Ryan v. Case New Holland, Inc. , 51,062 (La. App. 2 Cir. 12/22/16), 211 So.3d 611 ; Allums v. Parish of Lincoln , 44,304 (La. App. 2 Cir. 06/10/09), 15 So.3d 1117, writ denied , 09-1938 (La. 11/20/09), 25 So.3d 803. A motion in limine presents an evidentiary matter that is subject to the great discretion of the trial court. Heller v. Nobel Insurance Group , 00-0261 (La. 02/02/00), 753 So.2d 841 ; Ryan, supra; Taylor v. Dowling Gosslee & Associates, Inc. , 44,654 (La. App. 2 Cir. 10/07/09), 22 So.3d 246, writ denied , 09-2420 (La. 02/05/10), 27 So.3d 299.
On appeal, this Court must consider whether the complained of ruling was erroneous and whether the error affected a substantial right of the party. Ryan, supra; Crisler v. Paige One, Inc. , 42,563 (La. App. 2 Cir. 01/09/08), 974 So.2d 125 ; Graves v. Riverwood International Corp. , 41,810 (La. App. 2 Cir. 01/31/07), 949 So.2d 576, writ denied , 07-0630 (La. 05/04/07), 956 So.2d 621. The determination is whether the error, when compared to the record in its entirety, has a substantial effect on the outcome of the case. Ryan, supra; Gandhi v. Sonal Furniture and Custom Draperies, L.L.C. , 49,959 (La. App. 2 Cir. 07/15/15), 192 So.3d 783 ; Graves, supra . Put differently, if a ruling's effect on the outcome is insubstantial, reversal is not warranted. Board of Sup'rs of La. State University v. Boudreaux's Tire and Auto Repair, LLC , 13-0444 (La. App. 4 Cir. 03/05/14), 133 So.3d 1262, writ denied , 14-0942 (La. 08/25/14), 147 So.3d 1118 ; Gibson v. Louisiana Rice Mill, L.L.C. , 13-265 (La. App. 3 Cir. 10/09/13), 2013 WL 5539299 (unpublished), writ denied , 13-2899 (La. 02/21/14), 134 So.3d 584 ; Wright v. Bennett , 04-1944 (La. App. 1 Cir. 09/28/05), 924 So.2d 178. The party alleging error has the burden of showing that the error was prejudicial to his case. Ryan, supra; State Farm Mutual Automobile Association v. Carter , 46,608 (La. App. 2 Cir. 11/02/11), 77 So.3d 1036 ; Graves, supra .
We will first address defendant's argument regarding the Balance Billing Act and its alleged limitation on the collateral source rule. As noted by this court in Rabun v. St. Francis Medical Center, Inc. , 50,849 (La. App. 2 Cir. 08/10/16), 206 So.3d 323, 329 (on rehearing):
The Balance Billing Act prohibits a contracted health care provider from billing, or attempting to bill, an injured party for an amount greater than the contracted reimbursement rate when that injured party has medical insurance.... Pursuant to the collateral source rule, an injured plaintiff's tort recovery may not be reduced as a re *805 sult of receiving compensation from independent sources. However, the opinion of this Court focuses strictly on what a medical provider, and not a plaintiff, can recover from a tortfeasor. Notably, it does not in any manner whatsoever address the collateral source rule .[2] (Emphasis added).
The only connection the Balance Billing Act has with this case is that its provisions are applicable to prevent plaintiff's medical providers from collecting or attempting to collect the "write-off" amounts from plaintiff (and there are no allegations whatsoever that any of the providers in this case have done so).
While Hoffman, supra , is the supreme court's latest case involving the collateral source rule in Louisiana, its holding, that the collateral source rule does not apply to attorney-negotiated write-offs or discounts for medical expenses obtained as a product of the litigation process, is arguably inapplicable to the instant case, based on the reasoning underlying the Court's holding in Hoffman , which was that the plaintiff neither incurred any additional expenses to receive the attorney-negotiated write-off, nor suffered any diminution in his patrimony. Id. at 708-09. In the instant case, Patterson paid monthly premiums to Blue Cross, who, pursuant to contractual arrangements with plaintiff's providers, obtained adjustments to the cost of medical services rendered to plaintiff, its insured. Plaintiff had his patrimony diminished to the extent that he had to pay premiums to secure the benefits of the insurance. See Griffin v. Louisiana Sheriff's Auto Risk Ass'n , 99-2944 (La. App. 1 Cir. 06/22/01), 802 So.2d 691, writ denied , 01-2117 (La. 11/09/01), 801 So.2d 376.
The limitation of the Hoffman court's holding to its facts was recognized by the Fifth Circuit in Lockett v. UV Insurance Risk Retention Group, Inc. , 15-166 (La. App. 5 Cir. 11/19/15), 180 So.3d 557 (which held that the collateral source rule is applicable in cases where medical discounts are negotiated by the plaintiff); the First Circuit in Johnson v. Neill Corp. , 15-0430 (La. App. 1 Cir. 12/23/15), 2015 WL 9464625 (unpublished), writs denied , 16-0137, 160147 (La. 3/14/16), 189 So.3d 168, 1070 (which held that the collateral source rule is applicable in cases where medical discounts are gratuitously granted as a professional courtesy); and, the Third Circuit in Royer v. State, DOTD , 16-534 (La. App. 3 Cir. 01/11/17), 210 So.3d 910, writ denied , 17-0288 (La. 04/24/17), 221 So.3d 69 (which held that the collateral source rule is applicable to cases in which the collateral source is a plaintiff's employer's workers compensation carrier and the tortfeasor is the DOTD, both of whom share coextensive, solidary obligations to reimburse the tort victim for lost wages and medical expenses).
In Bozeman, supra at 699, the supreme court observed that the so-called "windfall" of the collateral source rule never in fact occurs when the injured party's patrimony has been diminished to the extent that the party was forced to recover against outside sources, and the diminution of his patrimony constituted additional damages he suffered.
*806 Patterson had his patrimony continually diminished to the extent that he had to pay premiums in order to secure the benefits of health insurance coverage from Blue Cross. To the extent that the write-offs from his medical providers were procured through the payment of plaintiff's premiums to Blue Cross, they cannot properly be considered a "windfall" to the plaintiff. As held by the First Circuit in Griffin, 802 So.2d at 715 :
[T]he collateral source rule is applicable to contractual write-offs procured by an insurance company in exchange for providing a volume of business and evidence of these amounts are to be excluded from a jury's consideration of an award for medical expenses. We note that application of the [collateral source] rule under these circumstances is directly in furtherance of the policy considerations underlying the rule. Because the rule would have no effect on the contractual agreement between medical providers and medical insurers, it would be in furtherance of decreased, more affordable medical costs for all of society; it would deter tortious conduct rather than inure to the benefit of a tortfeasor, and it would encourage individuals to obtain and secure health insurance coverage.
As did the courts in Johnson, supra , and Lockett, supra , both rendered after the supreme court's opinion in Hoffman, supra , we find that, as set forth by the Court in Bozeman , supra at 706, "where plaintiff's patrimony has been diminished in some way in order to obtain the collateral source benefits, then plaintiff is entitled to the benefit of the bargain, and may recover the full value of his medical services, including the 'write-off' amount." The trial court erred in concluding otherwise, based only upon the holding of the supreme court in Hoffman, supra , and defense counsel's misplaced argument about the Balanced Billing Act. Therefore, we find that the trial court erred in granting defendant's motion in limine and limiting Patterson's evidence of medical expenses to the amount paid by his health insurer.
However, our inquiry does not end there. As noted above, the determination must also include whether this error, when compared to the record in its entirety, has affected a substantial right of the party or has had a substantial effect on the outcome of the case. Ryan, supra ; Gandhi, supra ; Graves, supra . Plaintiff, as the party alleging error, has the burden of showing that the error was prejudicial to his case. Ryan, supra ; Graves, supra .
As noted by the parties in their pretrial stipulation, the $110,000 received pretrial by Patterson from defendants in full and partial settlement of his claims was to be credited against any judgment rendered against ANPAC by the jury. After finding Cloinger, the other driver, to be 100% fault for the accident, the jury awarded plaintiff damages of $23,632.63. Of this amount, $13,632.63 was for past medical expenses and $5,000 was for future medical expenses. Because the jury's award of $23,632.63 is less than the pretrial settlement amount, the judgment rendered by the trial court simply stated that no further money was owed to plaintiff by defendant ANPAC.
In his brief, the only relief sought by plaintiff is that this Court increase the jury's award to the undiscounted amounts for past and future medical expenses, i.e., figures inclusive of the "write-off" amounts not presented to the jury. The undiscounted amount of past medical expenses is $63,072.88. By dividing the amount paid to medical providers by Blue Cross from the undiscounted amount of past medical expenses, we come up with a discount of .216 and a "write-off" percentage of .784. Then, *807 by dividing the amount of the future medical expense award, $5,000 by .216, we come up with a projected undiscounted amount for future medical expenses of $23,148.15. When we add these two undiscounted amounts to the $5,000 awarded by the jury for pain and suffering, the total damage award is $91,221.03, which is still less than the $110,000 plaintiff got in pretrial settlements. Therefore, the judgment of the trial court, rendered in accordance with the jury's verdict, would be unaffected by the change, and plaintiff has failed to establish that the erroneous evidentiary ruling was prejudicial to his case. As such, we affirm the trial court's judgment.
CONCLUSION
For the reasons set forth above, the judgment of the trial court is AFFIRMED. Costs are assessed equally to plaintiff, Dustin B. Patterson, and defendant, ANPAC.

Plaintiff filed a writ with this Court, which declined to exercise its supervisory jurisdiction under Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc. , 396 So.2d 878 (La. 1981).

See also Anderson v. Ochsner Health System , 13-2970 (La. 07/01/14), 172 So.3d 579, 597 (Guidry, J., dissenting) ("[T]he legislature perceived a problem with improper billing practices and sought to prohibit health care providers from collecting or attempting to collect from an insured patient any amount either owed by the health insurer or in excess of the contracted reimbursement rate. La. R.S. 22:1874(A)(1). Consequently, the legislature [in the Balance Billing Act] outlawed such practices and then expressly provided ... remedies for enforcing that provision.")